NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD LEHMAN, on behalf of himself and others similarly situated; MICHAEL PUTERBAUGH, | No. 18-35321 |
| Plaintiffs-Appellees, | D.C. No. 2:13-cv-01835-RSM |
| v. | MEMORANDUM* |
| WARNER NELSON; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted May 13, 2019
Seattle, Washington

Before: KLEINFELD and FRIEDLAND, Circuit Judges, and EZRA,** District Judge.

The Trustees of the IBEW Pacific Coast Pension Fund (the "Pacific Coast

Fund" or the "Fund") appeal the district court's order granting summary judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

in favor of Employee Retirement Income Security Act of 1974 ("ERISA") class action Plaintiffs-Appellees ("the Class"). We affirm.

Following this Court's remand in *Lehman v. Nelson*, 862 F.3d 1203 (9th Cir. 2017) ("*Lehman I*"), the district court held that Amendment 24 to the Pacific Coast Fund Pension Plan (the "Pension Plan" or the "Plan") violates the plain language of section 5.04 in Article 5 of the Plan. This section requires the transfer of all employer contributions received on behalf of travelers in the electrical construction industry who work in the jurisdictions of other local union pension funds. The court held that the Trustees of the Fund cannot distinguish between "benefit" and "non-benefit" contributions where it concerns travelers.

"Where an ERISA Plan grants discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a plan administrator's interpretation of a plan is reviewed for abuse of discretion." *Lehman I*, 862 F.3d at 1216 (quoting *Tapley v. Locals 302 & 612 of Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013)). We review the district court's application of this standard and the district court's grant of summary judgment de novo. *See id*. On appeal, the Class contends that we should review the Trustees' interpretation of Amendment 24 de novo because the issue in this case is purely a legal question and does not concern any interpretation of the Plan. As in *Lehman I*, we need not decide this issue as the Trustees' arguments in

2

support of their interpretation of Amendment 24 fail even under the deferential abuse-of-discretion standard.

The district court properly granted summary judgment in favor of the Class. Like Amendment 14 in *Lehman I*, the Trustees' interpretation of Amendment 24 with regard to travelers' contributions is inconsistent and conflicts with the Pacific Coast Plan's own definition of "contribution" found in section 1.04, and conflicts with and renders nugatory section 5.04. Section 5.04 of the Pension Plan incorporates the Reciprocal Agreement signed by the Pacific Coast Fund. Pursuant to section 5.04, travelers' contributions are simply pass-through contributions made to the travelers' home funds and are not assets of the Pacific Coast Fund. The Trustees' attempts to distinguish "benefit" and "non-benefit" contributions pursuant to collective bargaining agreements are unavailing—any contributions on behalf of a traveler must be passed through under the Plan. Because travelers' contributions do not belong to the Pacific Coast Fund, the district court's order did not violate the Pension Protection Act of 2006, nor did the order require the Trustees to violate their fiduciary duties under ERISA.

**AFFIRMED**.